IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

KARL W. SHOCK,
      Plaintiff,

v.                                              Case No. 3:08cv304/RV/EMT

AEROSPACE INTEGRATION
CORPORATION,
      Defendant.
_____/

# O R D E R

This employment discrimination case is now before the court upon Defendant's Amended Motion to Compel Initial Disclosures from Plaintiff (Doc. 39), and Plaintiff's response thereto and supplemental exhibit (Docs. 44, 45).  In pertinent part, Defendant seeks an order compelling Plaintiff to provide Defendant with a computation of how Plaintiff calculated the damages he seeks in this action, contending that Plaintiff was required to provide this information pursuant to Rule 26(a)(1)(A)(iii), the initial disclosure rule regarding damages (*see* Doc. 39 at 3–4).  In response to the motion to compel, Plaintiff generally asserts that he has complied with Rule 26(a) (*see* Doc. 44).

I.      BACKGROUND

Count One of Plaintiff's Amended Complaint alleges a violation of 29 U.S.C. § 621, *et seq.*, the Age Discrimination in Employment Act, and as relief Plaintiff seeks the following damages:

> [B]ack pay and all pay increases, bonuses, and benefits associated with employment, health, or retirement; statutory liquidated damages; nominal damages; reinstatement or front pay (i.e., loss of future earnings) in the event reinstatement is not offered or awarded; interest, including pre-judgment interest; job search expenses, moving expenses, and other expenses as a result of the discriminatory conduct; attorneys' fees; costs; such legal and equitable relief as may be appropriate under the ADEA; and any other relief to which plaintiff may be entitled.

(Doc. 9 at 1, 4–5).

In Count Two Plaintiff alleges age discrimination, in violation of the Florida Civil Rights Act of 1992, and as relief seeks:

> [D]amages for lost wages and benefits; back pay; front pay (or reinstatement); damages for humiliation, loss of capacity to enjoy life, mental and emotional distress; job search expenses, moving expenses, and other expenses as a result of the discriminatory conduct; compensatory damages; punitive damages; interest — including pre-judgment interest on lost wages; costs and attorneys' fees; and any other relief to which he may be entitled.

(*id.* at 1–2, 6).

In Count Three, a claim alleging a violation of 42 U.S.C. § 12101, *et seq.*, the Americans with Disabilities Act, Plaintiff seeks as relief:

> [D]amages for back pay and all pay increases, bonuses, and benefits associated with employment or retirement; reinstatement; compensatory damages for the physical, mental, and emotional suffering []; punitive damages; interest, including prejudgment interest; job search expenses, moving expenses, and other expenses as a result of the discriminatory conduct; attorneys' fees; costs; and any other relief to which he may be entitled.

(*id.* at 1, 7).

Finally, in Count Four Plaintiff alleges a violation of 29 U.S.C. § 2601, *et seq.*, the Family and Medical Leave Act, and as relief Plaintiff seeks:

> [D]amages for back pay and all pay increases, bonuses, and benefits associated with employment or retirement; statutory liquidated damages; reinstatement, or front pay in the event reinstatement is not offered or awarded; interest, including prejudgment interest; job search expenses, moving expenses, and other expenses as a result of the discriminatory conduct; attorneys' fees and costs; and any other relief to which he may be entitled.

(*id.* at 1, 8).

In the instant motion to compel Defendant specifically seeks an order compelling Plaintiff to provide "a computation of how each amount for each category of damages claimed was calculated, including back pay and front pay with any mitigation" (Doc. 39 at 4) (emphasis added). Notwithstanding the foregoing, in a notice filed contemporaneously with Defendant's motion to compel, Defendant has specifically advised the court that the "only remaining issue between the parties is whether a plaintiff, under Fed. R. Civ. P. 26(a)(1)(C), is required to include any and all amounts earned after termination of employment in the plaintiff's calculation of back pay and front

pay damages" (Doc. 38).  Thus, although the pleadings are somewhat ambiguous, this court's order will address only the issues of back pay and front pay.

In asserting that Plaintiff's disclosures are inadequate, Defendant states that Plaintiff "refuses to include the amounts that he has earned since his termination in his damages calculation" (Doc. 39 at 2).  Defendant also asserts that Plaintiff "knows what he made while working for Defendant and what he has made since," which implies that Plaintiff has not disclosed these amounts (*see id.* at 4).  Defendant further contends that Plaintiff must calculate "what a court could realistically award him" in back and front pay in order to make an informed decision about settlement (*see id.*).

In response to Defendant's motion to compel, Plaintiff states that he has disclosed the necessary information to Defendant on more than one occasion, including in his initial Rule 26(a)(1) disclosures, in response to one of Defendant's interrogatories, and in his supplemental Rule 26(e) disclosures (*see* Doc. 27, Ex. A (Plaintiff's Initial Rule 26(a)(1) Disclosures); Doc. 44 at 1–4 (Interrogatory Response); Doc. 45, Attach. (Plaintiff's Supplemental Rule 26(e) Disclosures)).  Thus, a summary of Plaintiff's disclosures is necessary for a resolution of this matter.

First, Plaintiff's initial disclosures provide, in relevant part, as follows:[1]

C. Computation of Damages.

Plaintiff's damages cannot be calculated with accuracy at the present time as plaintiff has not yet received full disclosure on this issue from defendant.  Subject to this limitation, the plaintiff provides the following:

(1) Lost Wages and Benefits

Plaintiff has suffered lost wages and benefits.  This amount cannot be calculated with accuracy at the present time, as plaintiff has not yet received the needed information on this issue from defendant.

(2) Pre-judgment interest.

Because the lost wages and benefits cannot be calculated at this time, neither can pre-judgment interest.

(3) Re-employment, reinstatement and promotion.

In the event that plaintiff can be assured that he will no longer be subjected to discrimination, the Court may compel the defendant to reinstate and/or promote plaintiff.  Alternatively, the Court may award plaintiff the value of future wages and benefits for a period of years.  Accordingly, such damages are not subject to

---

[1]The court cannot determine when the initial disclosures were provided to Defendant (*see* Doc. 27, Ex. A), but they must have been provided prior to December 8, 2008, because on that date Defendant's counsel wrote a lengthy letter to Plaintiff's counsel outlining various objections to the initial disclosures (*see id.*, Ex. B).

Case No.: 3:08cv304/RV/EMT

calculation at this time.

(4) Damages for humiliation, loss of capacity to enjoy life, mental and emotional distress.

These damages are not subject to precise calculation and cannot be estimated at this time.

(5) Statutory liquidated damages.

These damages are not subject to precise calculation and cannot be estimated at this time.

(6) Costs and attorneys' fees.

The Court will determine these damages at the conclusion of the case.  Costs and attorney's fees are filed under seal with the clerk's office.  Such fees and costs are not yet known.

(Doc. 27, Ex. A).

Second, on or about December 12, 2008, in response to an interrogatory regarding all sources of Plaintiff's income since January 1, 2004 (*see* Doc. 44 at 3), Plaintiff answered as follows:

1.    January 2, 2004 to April 2007 - wages from AIC $5,851.50/month
2.    January 1, 2004 to present - Pension from AVCO $283.43/month
3.    January 1, 2004 to present - Pension from Boeing $233.02/month
4.    May 2007 to August 2007 - unemployment compensation $494.00/bi-weekly
5.    March 2005 to December 2005 - Social Security $1,743.50/month
6.    January 2006 to December 2006 - Social Security $1,832.00/month
7.    January 2007 to December 2007 - Social Security $1,899.00/month
8.    January 2008 to present - Social Security $1,952.00/month
9.    August 2007 to April 1, 2008 - ARINC (Visium) $1,407.64/week
10.   April 15, 2008 to June 1, 2008 - Unemployment $247.00/week
11.   June 2008 to September 2008 - COLSA Corporation $76,000.00/year
12.   September 2008 to present - Strata-G Solutions $82,000.00/year.

(Doc. 44 at 3–4).

Third, in "Plaintiff's Second Supplemental Rule 26(e) Disclosures," provided to Defendant on or about December 31, 2008, Plaintiff disclosed the following information:

A.  Computation of Damages

Plaintiff supplements his prior disclosures under Rule 26(a)(1) and Rule 26(e) for lost wages and benefits and damages for humiliation, loss of capacity to enjoy life, and mental and emotional distress.  In addition to the prior disclosures, plaintiff provides the following:

1.    Lost wages and benefits.

Plaintiff has suffered lost wages and benefits.  Plaintiff does not know the total value of the benefits provided to plaintiff by defendant at this time, as plaintiff has not yet received the information needed from defendant to determine this value,

despite plaintiff's repeated requests.  Consequently, any calculation of lost wages and benefits will be incomplete.

Plaintiff's base pay, as previously disclosed, was $5,851.50 a month. Plaintiff was terminated on April 26, 2007.  As of December 26, 2008, twenty months had passed since plaintiff's termination.  In calculating back pay damages, one would multiply plaintiff's monthly salary of $5,851.50 by the twenty months since his termination.  As such, plaintiff has suffered $117,030 in lost wages since his termination.

Obviously, this amount does not include any lost benefits, bonuses due to plaintiff from defendant, or any raises or promotions that plaintiff could have received from defendant.  Of course, defendant may prove any offsets to which it may be entitled at trial.  Until that occurs, plaintiff's damages are continuing to accrue.

Furthermore, documents relied on by plaintiff to calculate this amount were provided to defendant in response to its first request for production.  Additional information regarding this calculation has been provided to defendant in response to its initial interrogatories.  Those discovery responses are incorporated herein.

> 2.   <u>Damages for humiliation, loss of capacity to enjoy life, and mental and emotional distress.</u>

Plaintiff suffered greatly at the embarrassment of losing his job and his anxiety about being able to find support his family and find another job.  He had to look over a wide geographical area.  All of the above, in addition to the humiliation accompanying his blatantly discriminatory discharge in the wake of his health issues, weighed upon him greatly.  Given plaintiff's description of the mental and emotional distress he endured, plaintiff believes a jury verdict regarding this element of damages could range between $400,000 and $600,000.

(Doc. 45, Attach.).

Plaintiff avers that the foregoing disclosures fully comply with the requirements of Rule 26 (*see, e.g.*, Doc. 44 at 2).  Further, Plaintiff explains that back pay awards are calculated from the date of harm (i.e., the date Plaintiff's employment was terminated) up to the date of reinstatement (*id.*).  Thus, by providing Plaintiff's former monthly salary and the number of months he has been unemployed, Plaintiff claims that Defendant has sufficient information to determine the amount of back pay damages claimed by Plaintiff (*id.*).  Plaintiff additionally notes that front pay is the "prospective award made from judgment until reinstatement" (*id.*) (citing <u>Pollard v. E.I. DuPont de Nemours & Co.</u>, 532 U.S. 843 (2001)).  Plaintiff, however, has not stated the amount of front pay damages he seeks, or similarly, explained how his disclosures establish the amount of front pay he seeks (*see* Doc. 44 at 2–3).

## II.    CONTROLLING LAW

In relevant part, Rule 26(a)(1) provides that a party must, without awaiting a discovery request, provide to other parties:

> a computation of each category of damages claimed by the disclosing party — who must also make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered.

Fed. R. Civ. P. 26(a)(1)(A)(iii).

Thus, pursuant to Rule 26, a "defendant is entitled to a specific computation of plaintiff's damages, and is entitled to have made available for inspection and copying the documents and other evidentiary material on which such computation is based." Clayman v. Starwood Hotels & Resorts Worldwide, 343 F. Supp. 2d 1037, 1047 (D. Kan. 2004). The Second Circuit has recently addressed the damages disclosure requirement, finding that a party's initial disclosures were inadequate because they failed to list "lost profits" as a category of damages, and failed to provide any supplemental disclosures on the issue, yet the party was seeking lost profits. Design Strategy, Inc. v. Davis, 469 F.3d 284, 295 (2d Cir. 2006). The court further noted, that "by its very terms Rule 26(a) requires more than providing — without any explanation — undifferentiated financial statements; it requires a 'computation,' supported by documents." Id. Lastly, in relevant part, the court noted:

> [Rule 26] 'imposes a burden of disclosure that includes the functional equivalent of a standing Request for Production under Rule 34. A party claiming damages or other monetary relief must, in addition to disclosing the calculation of such damages, make available the supporting documents for inspection and copying as if a request for such material had been made under Rule 34.'

(Id. at 295–96 (quoting the Advisory Committee Notes to Rule 26(a)(1)). Thus, the disclosures at issue in Design Strategy, Inc. were additionally found inadequate because the disclosing party "failed to disclose both a calculation of damages and the documents supporting that calculation." Design Strategy, Inc., 469 F.3d at 296 (emphasis in original). Finally, the "disclosure provision applies only with respect to materials available to the party seeking monetary relief, and where the materials necessary for the computation are not in this party's possession," the disclosure

requirement does not apply.  Wright, Miller & Marcus, 8 Federal Practice & Procedure: Civil 2d §
2053 (1994) (citing Fed. R. Civ. P. 34 Advisory Committee Note).

III.    DISCUSSION

  Initially, the court notes that it was particularly difficult discerning the precise nature of the
instant dispute between the parties.  For example, Defendant contends that Plaintiff "knows what
he made while working for Defendant and what he has made since," which suggests that Plaintiff
has failed to disclose these amounts.  However, Plaintiff provided his post-termination earnings
information, in an answer to an interrogatory, before Defendant filed the instant motion.  Similarly,
the court was required to refer to six different pleadings (i.e., Docs. 9, 27, 38, 39, 44, 45), and any
attachments thereto, to resolve the instant dispute.  The parties are reminded, for example, that
matters not set forth in an amended pleading (e.g., an amended motion to compel) are deemed to
have been abandoned.  N.D. Fla. Loc. R. 15.1.  The court, therefore, should not have been required
to refer back to the original motion to compel, or any attachment thereto, to resolve the instant
matter.[2]  Notwithstanding these difficulties, it is now evident from a review of the pleadings that
Defendant's primary contention is that Plaintiff has failed to provide <u>specific damage amounts</u> and
the <u>calculations or computations</u> that underlie those amounts, and that by failing to do so, Plaintiff
has correspondingly failed to comply with the requirements of Rule 26.

  Next, the court will consider Plaintiff's initial disclosures, interrogatory response, and
supplemental disclosures, collectively, to determine whether Plaintiff has complied with the
requirements of Rule 26.

  A.    Plaintiff's Initial Rule 26(a)(1) Disclosures

  Plaintiff's initial disclosures clearly fail to comply with the requirements of Rule 26.
Although categories of damages are listed, no damage amounts are provided, much less a
"computation of each category of damages claimed."  *See* Fed. R. Civ. P. 26(a)(1)(A)(iii); *see also*
<u>Bullard v. Roadway Exp.</u>, 3 Fed. Appx. 418, 420 (6th Cir. 2001) (disclosures failed to comply with
Rule 26 where, for example, plaintiff's "Statement of Economic Loss" contained no information

---

[2]The court exercised its discretion to consider earlier pleadings, despite Local Rule 15.1, in order to more swiftly
resolve the dispute.

relating to hours worked or hourly pay and "astonishingly" contained no reference to a dollar amount).[3]

B.      Plaintiff's Interrogatory Response

While Plaintiff's response to Defendant's interrogatory may have been responsive to the interrogatory, the response does not comply with Rule 26.  The interrogatory response merely lists the income Plaintiff has earned since January 2004 — it does not list any damage categories or total damage amounts supported by calculations.  As noted above, a "defendant is entitled to a specific computation of plaintiff's damages."  Clayman, 343 F. Supp. 2d at 1047 (emphasis added).

C.      Plaintiff's Supplemental Rule 26(e) Disclosures

Third, even when considered in conjunction with Plaintiff's earlier disclosures, Plaintiff's supplemental disclosures still fail to comply with Rule 26.

1.      Back Pay

With regard to lost wages, the supplemental disclosures reveal that Plaintiff seeks both back pay and front pay, and Plaintiff contends he has provided the precise amount of damages he seeks as back pay (id.).  Specifically, Plaintiff states that back pay awards are calculated from the date of termination up to the date he is reinstated or returned to the position, and Plaintiff seeks back pay damages in the amount of $5,851.50 for each month since his termination (id.).  This suggests that Plaintiff will seek back pay based only on a simple mathematical equation, without taking into consideration any offsets based on income Plaintiff has earned since his termination.  If that is Plaintiff's position, then Plaintiff must so advise Defendant within **TEN (10) DAYS** of the date of docketing of this order, and Plaintiff need not provide any additional information to Defendant on the issue of back pay — this court, however, is not deciding or suggesting that such a position is legally sound.

If, on the other hand, Plaintiff acknowledges that back pay damages are to any extent offset by income earned by Plaintiff since his termination, Plaintiff must, within **TEN (10) DAYS** of the date of docketing of this order, so advise Defendant.  Further, and within the same time, Plaintiff

---

[3]The undersigned cites Bullard only as persuasive authority and recognizes that the opinion is not considered binding precedent.  See U.S. Ct. of App. 11th Cir. Rule 36-2, 28 U.S.C.A.

must calculate the back pay damages he seeks and provide a computation to Defendant (e.g., $5,851.50 <u>multiplied by</u> (a certain number of months) <u>less</u> (specifically identified income that is properly excluded from back pay damages)).[4]

>                                 2.        Front Pay

Plaintiff's disclosures do not clearly establish the amount of <u>front pay</u> he seeks.  Although Plaintiff explains what front pay is, he does not state the amount he seeks and does not provide a specific computation that explains the amount he seeks, and to this extent Plaintiff's disclosures are deficient.  Thus, within **TEN (10) DAYS** of the date of docketing of this order, Plaintiff shall provide to Defendant a specific computation of the front pay damages he seeks (i.e., not simply a total dollar amount), along with any documents that support that computation if such documents are in Plaintiff's possession.[5]

## IV.    SANCTIONS

This court "has wide latitude in imposing sanctions for failure to comply with discovery." <u>Aziz v. Wright</u>, 34 F.3d 587, 589 (8th Cir. 1994).  "Rule 37 sanctions are to be applied diligently." <u>In re Stauffer Seeds, Inc.</u>, 817 F.2d 47, 49 (8th Cir. 1987).  Where the producing party's actions necessitate the motion to compel, or where the objections and failure to respond are not substantially justified, an award of sanctions is appropriate.  <u>Starcher v. Corr. Med. Sys., Inc.</u>, 144 F.3d 418, 421–22 (6th Cir. 1998).  Further, a party against whom a motion to compel is enforced may only avoid payment of sanctions by demonstrating that his position is substantially justified. <u>Rickels v.</u>

---

[4]The court notes that in the interrogatory response Plaintiff lists various amounts of income he has earned both before and after his termination, but a simple listing of figures does not comply with Rule 26 because Plaintiff has not explained how or if that income affects the damages he seeks.  For example, Plaintiff has included social security income and income from two pensions, but he has not indicated whether these amount have any bearing on the damages Plaintiff seeks.  As stated by another judge in this district, "[Rule 26] is clear and can be followed by every claimant with reasonable effort.  <u>All the claimant needs to do is sit down and calculate the damages that are claimed.</u>"  <u>Dixon v. Bankhead</u>, Case No. 4:00cv344/WS (Doc. 39, filed December 20, 2000) (emphasis added).

[5]To the extent Plaintiff contends he cannot precisely state the amount of <u>lost benefits</u> he seeks (*see* Doc. 45, Attach.), the court finds no error, as Defendant is well aware of the bonuses, additional income, or other benefits to which Plaintiff may have been entitled, in addition to his lost wages.  Furthermore, as noted *supra*, Plaintiff is not required to turn over documents he does not possess, and he would be hard pressed to provide Defendant with documents concerning benefits that became available subsequent to his termination.  If and when Defendant provides documents to Plaintiff that permit a calculation of lost benefits, Plaintiff must immediately provide to Defendant the amount of lost benefits he seeks.

City of South Bend, 33 F.3d 785, 787 (7th Cir. 1994).  A "motion is substantially justified if it raises an issue about which there is a genuine dispute, or if reasonable people could differ as to the appropriateness of the contested action."  Doe v. Lexington-Fayette Urban County Gov't, 407 F.3d 755, 766 (6th Cir. 2005) (citing Pierce v. Underwood, 487 U.S. 552, 565 (1988)).

While it is a close call, the court does not consider an award of sanctions to either party to be appropriate.  Thus, no fees shall be awarded to either party.

Accordingly, it is **ORDERED** that:

Defendant's Amended Motion to Compel (Doc. 39) is **GRANTED** to the extent outlined in the body of this order.

**DONE AND ORDERED** this 6th day of March 2009.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**